```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
THE HERERO PEOPLE'S REPARATIONS          :
CORPORATION, et. al.,                    :
                                         :
                Plantiffs,                :
                                         :
                                         :
           -against-                     :    OPINION
                                         :
                                         :    03 Civ. 0991 (RLC)
DEUTSCHE BANK AG,                        :
                                         :
                Defendant.               :
                                         :
-----------------------------------------X
```

APPEARANCES

PHILLIP M. MUSOLINO, admitted pro hac vice
Musolino & Dessel
1615 L Street, NW, Suite 440
Washington, DC 20036

DANIELLE M. ESPINET
Rolinski, Terenzio & Suarez, LLP
14915 River Road
Potomac, MD 20854

Attorneys for Plaintiffs


SANDER BAK
JEFFREY L. NAGEL
Milbank, Tweed, Hadley & McCoy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

Attorneys for Defendant



ROBERT L. CARTER, District Judge

On February 13, 2002, the Herero People's Reparations Corporation and individual members of the Herero tribe (collectively, the "Hereros") brought this action against Deutsche Bank AG ("Deutsche Bank") and Woermann Line ("Woermann"). The Hereros allege that the defendants facilitated Imperial Germany's genocidal campaign against their tribe between 1890 and 1915. During this time, the colonial authorities waged a race war against the Hereros, degraded Herero women and destroyed the Herero culture, allegedly with Deutsche Bank and Woermann's assistance. Compl. at 148–49.

The court dismissed the claims against Woermann without prejudice on April 27, 2005, after the stipulation of all the parties. Deutsche Bank now moves to dismiss the complaint. While this motion was pending, Deutsche Bank requested that the court sanction the Hereros' counsel, alleging that they knowingly pursued a cause of action wholly lacking in merit.

BACKGROUND

The Hereros filed suit against Woermann and Deutsche Bank in the Superior Court of the District of Columbia (the "Superior Court") in June of 2001. The Hereros admit that the complaint filed in the Superior Court was "identical in virtually all respects to the complaint filed in [the instant] action." Pls. Mem. Supp. Mot. Enlarge Time Service Process, Bak Decl. Ex. C;

see also Deutsche Bank v. Herero, 370 F.3d 1192, 1193 (D.C. Cir. 2003).

After removal to federal court (the "D.C. district court"), the lawsuit (the "D.C. action") was dismissed on the merits. The D.C. district court ruled that the Hereros had not stated a claim upon which relief could be granted. Mem. Op. Herero v. Deutsche Bank, Civ. No. 01-01868 (CKK) (D.D.C. July 31, 2003). On appeal, the Court of Appeals for the D.C. Circuit affirmed the dismissal and held that the Hereros had raised only federal claims, despite the Hereros' failure to specify the statutory basis for jurisdiction or relief in their complaint. Herero v. Deutsche Bank, 370 F.3d 1192, 1195 (D.C. Cir. 2004).

On February 13, 2003, while Deutsche Bank's motion to dismiss was pending before the D.C. district court, the Hereros filed a virtually identical complaint before this court. While Deutsche Bank soon became aware that the second complaint had been filed, it was not served until October 31, 2003. On that date, the Hereros' appeal was pending before the D.C. Circuit.

On November 13, 2003, Deutsche Bank asked the court for a stay in the proceedings until the D.C. Circuit ruled on the Hereros' appeal. The court agreed that a stay was appropriate and informed Deutsche Bank that it would take no action until

the resolution of the appeal. Counsel for Deutsche Bank relayed this information to the Hereros' counsel.[1]

The Hereros' appeal was decided on June 11, 2004. Soon afterwards, the parties to the case at bar filed a stipulation that contained a briefing schedule for Deutsche Bank's forthcoming pre-answer motion to dismiss. This stipulation was endorsed by the court on January 20, 2005. Deutsche Bank's motion to dismiss is now before the court along with their motion for sanctions.

DISCUSSION

Deutsche Bank's first defense is that because this lawsuit is identical to the D.C. action, it is barred by res judicata following the dismissal of that case on the merits.[2] There is no genuine dispute that the D.C. action involved the same parties as this case, that the claims arose from the same transactions,[3] or that the dismissal of the D.C. action constituted a final

---

[1] Def. Mem. Supp. Mot. Dismiss, Nagel Decl. Ex. I.
[2] The District of New Jersey recently held that the D.C. action's dismissal had no res judicata effect on Woermann, because "Woerman was [already] out of the case because it had successfully argued lack of personal jurisdiction." Hereros v. Deutsche Afrika-Linen GMBLT & Co., Civ. No. 05-1872, 2006 U.S. Dist. LEXIS 2761 at *7 (D.N.J. Jan. 24, 2006).
[3] The Second Circuit has interpreted the identity of a cause of action and the scope of preclusion broadly such that "the requirement of identity of cause of action does not mean that the claim alleged be identical," Meagher v. Bd. of Trustees Pension Plan of Cement and Concrete Workers Dist. Pension Fund, 921 F. Supp. 161, 167 (S.D.N.Y. 1995), aff'd, 79 F.3d 256 (2d Cir. 1996), but only that the claims "center on the same transaction or series of transactions, or they arise from a 'single core of operative facts.'" Bloomquist v. Brady, 894 F. Supp. 108, 114 (W.D.N.Y. 1995), quoting Norman v. Niagara Mohawk Power Corp., 873 F.2d 634, 638 (2d Cir. 1989).

judgment on the merits in a court of competent jurisdiction. However, the Hereros argue that this case falls under an exception to the doctrine of res judicata. The Hereros assert that Deutsche Bank consented to the splitting of the claims between two courts, since Deutsche Bank failed to file a timely objection.

The doctrine of res judicata bars relitigation of claims that were actually brought in the first action and any other claim that could have been made on the basis of the same facts, even if these other claims involve different legal theories or forms of relief. See generally RESTATEMENT (SECOND) OF JUDGMENTS § 25 (1982). However, if a defendant assents to the splitting of the plaintiff's claims between two different fora, they may have waived any res judicata defense. See id. § 26(1)(a).

The dispositive issue is whether an objection to claim splitting must be made before judgment is rendered in either case. The Hereros argue that Deutsche Bank's res judicata objection, which was raised when Deutsche Bank requested a stay pending the result of the appeal, was made "simply to late . . . to preserve a defense of res judicata," since it followed the dismissal of the D.C. action. Pls.' Mem. Resp. Def's Mot. Dismiss 10.

When summarizing cases applying state law where the position of the Second Restatement of Judgments (the

"Restatement position") has been accepted, academic commentators suggest that it is now well-settled that "the defendant waives his objection to the split[ting] of the claims], or consents to it, if the objection is not raised in good time before the first judgment." 18 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 4404 (3d ed. 2004).

The Second Circuit has not adopted the Restatement position. The Hereros claim otherwise, but they fail to notice that in the cases they cite, this court was applying state law. See Power Travel Int'l, Inc. v. Am. Airlines, Inc., 2004-2 Trade Cas. (CCH) ¶ 74,647 (S.D.N.Y. Oct. 29, 2004) (Sweet, J.); Kendall v. Avon Products, Inc., 711 F. Supp. 1178 (S.D.N.Y. 1989) (Stewart, J.).[4] Since both the case at bar and the D.C. action were brought pursuant to the courts' federal question jurisdiction, these citations are inapposite.[5] If "the decision on which [the plaintiff] relies [when asserting a res judicata defense] was rendered by a federal court . . . the federal rules

---

[4] "The Second Circuit has not yet decided whether state or federal rules of res judicata determine the preclusive effect of a judgment entered by a federal court exercising diversity jurisdiction." Com Cor Holding v. F.A. Tucker Transmission Co., No. 93 Civ. 8440, 1998 U.S. Dist. LEXIS 7975, at *8 & n.3 (S.D.N.Y. 1998) (Mukasey, J.).

[5] See Compl. at 21-22 (stating that "jurisdiction, [sic] is founded on U.S.C. 28-1350 [sic]"); see also 28 U.S.C. § 1350 (2004) ("The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."; Herero People's Reparations Corporation v. Deutsche Bank AG, 370 F.3d 1192, 1194 (D.C. Cir. 2004) (Herero had presented "no non-federal theories" in their complaint in the D.C. action.)

of res judicata apply." PDK Labs v. Friedlander, 37 U.S.P.Q.2D (BNA) 1195 at n.5 (S.D.N.Y. 1995) (Patterson, J.).

The Hereros cite no case holding that the federal law of res judicata requires an objection to be made before judgment occurs in a simultaneous and related action. It appears that no such case exists. See generally JOSEPH E. EDWARDS, WAIVER OF, BY FAILING TO PROMPTLY RAISE, OBJECTION TO SPLITTING CAUSE OF ACTION, 40 A.L.R.3d 108 § 5 (2004). The federal law of res judicata only requires that an explicit objection to claim-splitting be made before the answer to the complaint in the second action is due. There is no federal case law holding that a defendant's failure to object before judgment in a related case is an implicit waiver of a res judicata defense.[6]

Furthermore, the Restatement position on the timeliness of objections cannot be adopted into federal law because it is incompatible with the Federal Rules of Civil Procedure. Rule 8(c), F.R. Civ. P. includes res judicata within its list of affirmative defenses that must be raised in the answer or in a pre-answer motion to dismiss. See Sadler v. Brown, 793 F. Supp. 87, 88 & n.2 (S.D.N.Y. 1992) (Sprizzo, J.). The plain language of the rule establishes that the affirmative defense of res

---

[6] But cf. Super Van v. City of San Antonio, 92 F.3d 366, 371 (5th Cir. 1996) (adopting the restatement on different facts, where defendant, "through counsel, actually stated a preference for the splitting [of the claim]"); Kendall v. Avon Products, Inc., 711 F. Supp. 1178, 1182 (S.D.N.Y. 1989) (Stewart, J.) (holding similarly in case where New York law of res judicata applied.)

judicata will always be timely if it is included in the answer, regardless of the procedural posture of another action based on the same facts.

Creating a judicially made exception to Rule 8(c) for cases where a judgment in a related action has already been entered would introduce unnecessary ambiguity. Furthermore, this exception would run against the grain of recent Second Circuit case law, which holds that even a defendant's attempts to raise a res judicata defense in a motion for summary judgment may be considered timely. See Monahan v. New York City Dep't of Corrections, 214 F.3d 275, 283 (2d Cir. 1999).[7] Therefore, the court declines to adopt the Restatement position on the implicit waiver of res judicata defenses.[8] Accordingly, the court finds that Deutsche Bank's request for a stay was a timely objection,

---

[7] See also Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993), cert. denied 114 S.Ct. 278, 510 U.S. 902 (1993) (holding that "dismissal of appellant's recycled claims was not only appropriate but virtually mandatory . . . whether or not the appellees raised res judicata in their answer" as res judicata is "founded in part on the strong public interest in economizing the use of judicial resources.")

[8] This conclusion would not differ had the court adopted the Restatement position. Had the court done so, it is not clear that the Hereros would prevail, because Deutsche Bank was served while the appeal of the D.C. action was pending and it is not clear in this circuit whether a judgment that is the subject of a pending appeal has any res judicata effect. See In re Overmyer, 32 B.R. 597, 601-02 (Bankr. S.D.N.Y. 1983) (Schwartzberg, J.) (holding that a final judgment that was the subject of a pending appeal had no res judicata effect.) Furthermore, even if Deutsche Bank had not raised this defense, the court still has the power to grant dismissal on res judicata grounds sua sponte, and the court may do so to conserve judicial resources. See Salahuddin v. Jones, 992 F.2d 447 (2d Cir. 1993), cert. denied 510 U.S. 902. This spontaneous action would have been entirely appropriate, since the court finds that the Hereros had a full and fair opportunity to litigate all their federal claims in the D.C. action. The "plaintiffs have had their bite at the apple, and cannot be given a second by claiming that the apple is not red instead of green. Trimper v. Terminix Int'l Co., 82 F. Supp. 2d 1, 4 (N.D.N.Y. 2000).

since it indicated that Deutsche Bank would seek to assert a res judicata defense in the instant case if the D.C. Circuit affirmed the dismissal of the D.C. action.

Deutsche Bank also moves for sanctions against the Hereros' counsel and for an injunction against any more lawsuits that are barred by the res judicata effect of the D.C. action. These requests will be discussed in turn.

Rule 11, F.R. Civ. P. forbids an attorney from bringing an action unless he or she believes that "the claims . . . therein are warranted by existing law or by a nonfrivolous extension, modification or reversal of existing law . . . ." F.R. Civ. P. 11(b)(2). In this case, if the Hereros' counsel believed that the court might adopt the Restatement position on the timeliness of res judicata objections, find that Deutsche Bank had not complied, and that the court would decline to exercise its power to assert this defense sua sponte, sanctions are not appropriate.

While it is unlikely that any district court would extend or modify the federal law of res judicata, it was not a foregone conclusion that the court would not do so. Consequently, it was not "patently clear that the claim had absolutely no chance of success." Healey v. Chelsea Resources, Ltd., 947 F.2d 611, 626

(2d Cir. 1991).[9]  Furthermore, unlike in the cases Deutsche Bank cites in its motion for sanctions, the court has never admonished the Hereros' counsel or warned them that the claims were frivolous. Cf. Paganucci v. City of New York, 993 F.2d 310, 312–13 & n.1 (2d Cir. 1993). In the absence of binding precedent, the opinion of the opposing counsel that the claims were barred by res judicata is not sufficient to establish that the Hereros' counsel had no good faith belief to the contrary.

The vigorous advocacy of Hereros' counsel also suggests that they did not believe that the claims were frivolous. Rather than merely filing a complaint and a pro forma response brief, the Hereros' counsel devoted substantial efforts to advocating the adoption of the Restatement position and to countering Deutsche Bank's arguments. The fact that these responses were often inarticulate and ill-formulated is not evidence of a lack of a good faith belief that they might ultimately prevail.[10] Since the claims were not entirely meritless, the court also declines to impose sanctions pursuant to 28 U.S.C. § 1927.

Finally, since the court holds that the D.C. Circuit's ruling has a res judicata effect, and because the Hereros have

---

[9] See also Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987) (reasoning that a district court ordinarily should not raise defenses not asserted in an answer sua sponte.)

[10] It is not clear that the Hereros' counsel understood that the Second Circuit cases applying the New York law of res judicata to subsequent federal claims were not binding precedent when the earlier case is federal. However, the fact that Deutsche Bank's counsel also failed to distinguish these cases clearly speaks to the complexity of the issue.

not filed any other lawsuits related to the transactions at issue in the D.C. action, there is no need for any injunction. The court is satisfied that because the Hereros filed this action before the res judicata effect of the D.C. action became apparent, there is little likelihood that their attorneys will engage in vexatious behavior now that the preclusive effect of that judgment is clear.

## CONCLUSION

Accordingly, the court GRANTS Deutsche Bank's motion to dismiss, and DENIES the motion for sanctions and an injunction against the Hereros' counsel. The clerk of the court is directed to enter final judgment in favor of Deutsche Bank.

**IT IS SO ORDERED**

Dated: New York, New York
April 5, 2005

ROBERT L. CARTER
U.S.D.J.    COPIES MAILED